William Michael, Jr. (*Admitted Pro Hac Vice*)
Michael Krauss (*Admitted Pro Hac Vice*)
Laura Hammargren (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
90 South Seventh Street, Suite 3500
Minneapolis, MN 55402
Telephone: (612) 259-9700
michaelw@gtlaw.com
kraussm@gtlaw.com
laura.hammargren@gtlaw.com

Thomas R. Pack (SBN 287268)
GREENBERG TRAURIG, LLP
101 Second Street, Suite 2200
San Francisco, CA 94105
Telephone: (415) 590-5131
Tom.Pack@gtlaw.com

*Additional Counsel Noted on Next Page*

*Attorneys for Defendant
Dale Swanberg*

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

# SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>    Plaintiff,<br><br>v.<br><br>DALE SWANBERG,<br><br>    Defendant. | CASE NO. 3:22-CV-04859-WHO<br><br>**JOINT MOTION FOR RELIEF FROM CASE MANAGEMENT SCHEDULE AND TO AMEND CASE MANAGEMENT SCHEDULE; [PROPOSED] ORDER**<br><br>JUDGE:   Hon. William H. Orrick |

LIST OF ADDITIONAL COUNSEL:

Todd A. Pickles (SBN 215629)
GREENBERG TRAURIG, LLP
400 Capitol Mall, Suite 2400
Sacramento, CA 95814
Telephone: (916) 442-1111
picklest@gtlaw.com

Jared Dwyer (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
333 S.E. 2nd Avenue, Suite 4400
Miami, FL 33131
Telephone: (305) 579-0564
dwyerje@gtlaw.com

Natalie F. Wayne (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, LLP
77 W. Wacker Drive, Suite 3100
Chicago, IL 60601
Telephone: (312) 456-8400
Natalie.Wayne@gtlaw.com

Irina Khasin (*Admitted Pro Hac Vice*)
GREENBERG TRAURIG, P.A.
101 East Kennedy Boulevard, Suite 1900
Tampa, FL 33602
Telephone: (813) 318-5752
Irina.Khasin@gtlaw.com

Tim Bass (*Admitted Pro Hac Vice)*
GREENBERG TRAURIG, LLP
1750 Tysons Boulevard, Suite 1000
Mclean, VA 22102
Telephone: (703) 749-1367
basst@gtlaw.com

Bernard B. Smyth (Cal. Bar No. 217741)
Sheila E. O'Callaghan (Cal. Bar No. 131032)
Anthony J. Moreno (Cal. Bar No. 219220)
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 700
San Francisco, CA 94104
Telephone: (415) 705-2500
smythb@sec.gov
ocallaghans@sec.gov
morenoa@sec.gov

Pursuant to L.R. 7 and L.R. 16-2(d), and for the reasons set forth herein, Plaintiff Securities and Exchange Commission ("SEC") and Defendant Dale Swanberg ("Mr. Swanberg") (collectively the "Parties") respectfully move this Court for relief from the fact discovery deadline set forth in this Court's Order dated August 28, 2024 [ECF No. 64] ("Fourth CMC Order"). Specifically, the Parties seek a seven (7) day extension of the fact discovery deadline from January 31, 2025 to February 7, 2025, solely to accommodate deposition scheduling issues. The Parties do not request that any other deadline set forth in the Fourth CMC Order be modified.

I.     **CIRCUMSTANCES WHICH SUPPORT THE REQUEST**

Since this Court issued its Fourth CMC Order, the Parties have made significant progress in completing all outstanding depositions. However, the majority of witnesses in this case are third parties, and many have required significant scheduling accommodation. Despite the Parties' best efforts, a limited extension of the discovery deadline is needed to complete the remaining depositions.

The Parties have both agreed that Mr. Swanberg's deposition – the only anticipated party deposition – should go last due to the important nature of the deposition and the need to complete all other fact discovery prior to Mr. Swanberg's deposition. However, due to the numerous scheduling accommodations necessary for certain outstanding third-party witnesses, the Parties believe that the present fact discovery deadline of January 31, 2025 is unworkable and requires one additional week in order to allow for the Parties to complete Mr. Swanberg's deposition. The Parties agree that the fact discovery deadline can be modified by one week without moving any of the other deadlines in this case.

The Court has "broad discretion in supervising the pretrial phase of litigation." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Where "good cause" is shown, a court may modify its Case Management Schedule. *Id.* Such good cause to extend a deadline exists "when the deadline cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607 (9th Cir. 1992).

The Parties respectfully submit that, given the status and scheduling of third party depositions and the agreed-upon need to complete Mr. Swanberg's deposition after all outstanding depositions have been completed, good cause exists to extend the fact discovery cutoff. While the SEC and Mr. Swanberg have been diligent in their efforts to complete all depositions by the fact discovery deadline in the Fourth CMC

Order, additional time is required to depose Mr. Swanberg. This request is made as narrow as possible, proposing an extension of the fact discovery deadline by one week, and no other deadline in the case.

## II. CERTIFICATE OF CONFERRAL AND UNOPPOSED NATURE OF REQUEST

The Parties met and conferred via email on November 11 and November 13, 2024 regarding this joint motion. The SEC and Mr. Swanberg jointly file this Motion requesting an amended fact discovery deadline. This new deadline will provide the SEC and Mr. Swanberg with additional time they presently anticipate will be necessary to complete fact discovery. Accordingly, the SEC and Mr. Swanberg respectfully request that the Court issue an amended Case Management Schedule pursuant to the proposed Amended Case Management Schedule set forth below.

## III. PROPOSED AMENDED CASE MANAGEMENT SCHEDULE

Pursuant to L.R. 7 and L.R. 16-2(d), the SEC and Mr. Swanberg propose the following continuance of the Fact Discovery Cutoff given the current status of discovery in his action:

| Event | Current Deadline | Proposed Extension |
|---|---|---|
| Fact Discovery Cutoff | January 31, 2025 (Friday) | February 7, 2025 (Friday) |
| Initial Expert Reports and Disclosures | February 21, 2025 (Friday) | *No Change* |
| Rebuttal Expert Reports | March 21, 2025 (Friday) | *No Change* |
| Expert Discovery Cutoff | April 11, 2025 (Friday) | *No Change* |
| Last Day to Hear Dispositive Motions | July 16, 2025 (Wednesday) | *No Change* |
| Pretrial Conference | September 22, 2025 (Monday) | *No Change* |
| Trial | October 20, 2025 (Monday) | *No Change* |

*Signatures Follow*

DATED: November 25, 2024  GREENBERG TRAURIG, LLP

By: /s/ *Laura Hammargren*
William Michael, Jr.
Michael Krauss
Irina Khasin
Laura Hammargren
Natalie F. Wayne

Attorneys for Defendant Dale Swanberg

DATED: November 25, 2024  SECURITIES AND EXCHANGE COMMISSION

By: /s/ *Bernard B. Smyth*
Bernard B. Smyth
Sheila E. O'Callaghan
Anthony J. Moreno

Attorneys for Plaintiff Securities and Exchange Commission

# [PROPOSED] ORDER

After full consideration of the SEC's and Mr. Swanberg's Joint Motion for Relief from Case Management Schedule and to Amend Case Management Schedule (the "Motion"), and good cause appearing,

**IT IS HEREBY ORDERED:**

The Fact Discovery Cutoff set forth in the Court's Order dated August 28, 2024 [ECF No. 64] is hereby stricken and the Court adopts the proposed extended deadline as set forth in the Motion and below; with all other deadlines set forth in the Court's August 28th Order to remain unchanged:

1. Fact Discovery Cutoff is February 7, 2025.

DATED: _____

William H. Orrick
United States District Judge